UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01551-UA (OP) | Date | April 2, 2013 |
|---|---|---|---|
| Title | Charles A. Williams v. John Marshall, et al. | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | | |
|---|---|---|---|
| As assigned | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:        IN CHAMBERS:  ORDER TO SHOW CAUSE**

# I.
# Proceedings

On March 4, 2013, Charles A. Williams ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"), along with an *in forma pauperis* application in order to proceed without payment of the full filing fee. (ECF No. 1.) Because Plaintiff has requested leave to proceed *in forma pauperis*, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons set forth below, Plaintiff is ordered to show cause why his *in forma pauperis* application should not be denied.

# II.
# Discussion

**A.     Summary of Plaintiff's Allegations.**

The named Defendants in the Complaint are as follows: (1) California Men's Colony, San Luis Obispo ("CMC") Warden John Marshall; (2) CMC Captain Martinez; (3) CMC Lieutenant Yett; (4) CMC Correctional Officer Chris Steeb; (5) CMC Correctional Officer Gonzales; (6) CMC Registered Nurse S. Rao; (7) CMC Doctor A. Bollay; (8)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01551-UA (OP) | Date | April 2, 2013 |
|---|---|---|---|
| Title | Charles A. Williams v. John Marshall, et al. | | |

CMC Sergeant B. Mason; (9) CMC Sergeant L. Walker; (10) CMC Correctional Officer K. McEwen; (11) CMC Physical Therapist Amber Harper; (12) CMC Correctional Officer J. Kohler; (13) CMC Registered Nurse K. Ryan; (14) CMC Registered Nurse C. Jumangit; (15) CMC Correctional Officer M. Dynes; (16) CMC Correctional Officer Baumgardner; and (17) CMC Correctional Officer Davis. Plaintiff appears to allege a violation of the Eighth Amendment to the United States Constitution based on the use of excessive force by prison officials. He seeks damages and injunctive relief. (Compl. at 1-6.)

In the Complaint, Plaintiff alleges one claim, an Eighth Amendment claim based on the excessive use of force by Defendants Yett, Steeb, and Baumgardner. Specifically, Plaintiff alleges that on February 25, 2009, Defendants rammed Plaintiff into a wall, Defendant Steeb body slammed Plaintiff to the floor, Defendant Baumgardner hog tied Plaintiff's hands and feet, all under the orders of Defendant Yett. Plaintiff suffered injuries leaving him totally disabled as a result. (Id. at 5.)

As to Defendant Martinez, Plaintiff alleges that Defendant failed to enforce and establish a safe environment for Plaintiff in violation of California Department of Corrections and Rehabilitation ("CDCR") policies. Defendant Martinez also failed to protect Plaintiff from the excessive use of force resulting in Plaintiff's beating. Defendant Martinez then allegedly covered up evidence of the incident. (Id. Attach at 1, 2.)

As to Defendant Yett, Plaintiff alleges that Defendant knew Plaintiff was an elderly man who recently had spinal surgery, walked with a cane, and wore a neck brace. Defendant allowed excessive force to be used against Plaintiff by Defendants Steeb and Baumgardner in Defendant's presence and allegedly ordered the use of force against Plaintiff. Defendant Yett also allegedly attempted to cover up the incident. (Id. Attach at 3-8.)

As to Defendant Steeb, Plaintiff alleges that Defendant body slammed Plaintiff into a wall and to the floor pursuant to Defendant Yett's orders. Defendant Steeb also allegedly put his knees into Plaintiff's back to pin Plaintiff to the floor. (Id. Attach at 9-11.)

As to Defendant Baumgardner, Plaintiff alleges that Defendant bent Plaintiff's legs to his back causing pain, suffering, and great bodily harm. (Id. Attach at 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01551-UA (OP) | Date | April 2, 2013 |
|---|---|---|---|
| Title | Charles A. Williams v. John Marshall, et al. | | |

As to Defendant Davis, Plaintiff alleges that Defendant pushed Plaintiff to the hospital clinic floor while Plaintiff was handcuffed and legcuffed. Plaintiff also generally alleges that he was assaulted by Defendant at the clinic hours earlier. (Id. Attach at 13.)

As to Defendant Walker, Plaintiff alleges that Defendant made false and misleading statements that resulted in Plaintiff being beaten. (Id. Attach at 14.)

As to Defendant McEwen, Plaintiff alleges that Defendant made false and misleading statements that resulted in Plaintiff being beaten. (Id. Attach at 15.)

As to Defendant Harper, Plaintiff alleges that Defendant gave statements that lead to Plaintiff's non-receipt of medical care and failed to care for Plaintiff's pain. (Id. Attach at 16.)

As to Defendant Ryan, Plaintiff alleges that Defendant often gave Plaintiff pain medication for his spinal surgery. Defendant also allegedly made false and misleading statements in order to conceal evidence. (Id. Attach at 17.)

As to Defendant Jumangit, Plaintiff alleges that Defendant joined staff in filing deceitful reports to cover up gross misconduct that lead to Plaintiff being sent to the mental health unit. (Id. Attach at 18.)

As to Defendant Rao, Plaintiff alleges that Defendant caused Plaintiff to be admitted to the mental health unit knowing that Plaintiff did not have any mental health issues and in an attempt to cover up gross misconduct. (Id. Attach at 19.)

As to Defendant Bollay, Plaintiff alleges that Defendant provided no attention to Plaintiff's complaints of spinal problems. Defendant also allegedly made false and misleading statements in order to conceal evidence. (Id. Attach at 20.)

As to Defendant Dynes, Plaintiff alleges that Defendant filed a false report to help conduct a cover up of the use of excessive force incident. (Id. Attach at 21.)

As to Defendant Kohler, Plaintiff alleges that Defendant joined other correctional officers to conceal the use of excessive force by filing a false report. (Id. Attach at 22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01551-UA (OP)** | Date | **April 2, 2013** |
|---|---|---|---|
| Title | **Charles A. Williams v. John Marshall, et al.** | | |

As to Defendant Mason, Plaintiff alleges that Defendant joined other correctional officers to conceal the use of excessive force by helping the in the preparation of their statements. (Id. Attach at 23.)

As to Defendant Marshall, Plaintiff alleges that Defendant failed to enforce and establish a safe environment for Plaintiff in violation of CDCR policies. Defendant also allowed the use of excessive force and other constitutional violations. (Id. Attach at 24.)

**B.      Legal Standard.**

Rule 8 of the Federal Rules of Civil Procedure provides that every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "a demand for relief sought," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2)-(3), (d)(1). A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8's "short and plain statement" requirement. See Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

The Supreme Court has explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009).

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). When a plaintiff appears pro se, the Court must construe the allegations of the complaint liberally and must afford a plaintiff the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01551-UA (OP) | Date | April 2, 2013 |
|---|---|---|---|
| Title | Charles A. Williams v. John Marshall, et al. | | |

With respect to Plaintiff's pleading burden under Rule 8(a)(2), the Supreme Court held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 550 U.S. at 553-56 (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."); see also Iqbal, 556 U.S. at 678; Erickson, 551 U.S. at 93; Moss, 572 F.3d at 968.

In order to comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl., 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." Id. (quoting Bell Atl., 550 U.S. at 557).

The Supreme Court has set out a two-pronged approach for reviewing possible failure to state a claim. Id. at 1949-50; see also Moss, 572 F.3d at 969-70. First, the reviewing court may identify those statements in a complaint that are actually conclusions, even if presented as factual allegations. Iqbal, 556 U.S. at 678-79. Such conclusory statements (unlike proper factual allegations) are not entitled to a presumption of truth. Id. In this context it is the conclusory nature of the statements (rather than any fanciful or nonsensical nature) "that disentitles them to the presumption of truth." Id. at 681. Second, the reviewing court presumes the truth of any remaining "well-pleaded factual allegations," and determines whether these factual allegations and reasonable inferences from them plausibly support a claim for relief. Id. at 679; see also Moss, 572 F.3d at 969-70.

The Court is not concerned at this stage with "whether a plaintiff will ultimately prevail"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01551-UA (OP)** | Date | **April 2, 2013** |
|---|---|---|---|
| Title | **Charles A. Williams v. John Marshall, et al.** | | |

but with whether he is entitled to offer evidence to support his claims. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 960 (9th Cir. 2009) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). However, a complaint which consists of unintelligible, narrative ramblings fails to state a claim for relief. See McHenry v. Renne, 84 F.3d 1172, 1176-79 (9th Cir. 1996); see also Awala v. Roberts, No. 07-0179 JSW (PR), 2007 WL 174404, at *1 (N.D. Cal. Jan. 22, 2007); Fed. R. Civ. P. 8(a)(1), (2), (d)(1).

Although the scope of review generally is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). Exhibits that contradict the allegations of a complaint may fatally undermine those allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims.").

    **1.**     **The Complaint Is Subject to Dismissal Based on Eleventh Amendment.**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Immunity from suit under the Eleventh Amendment further extends to suits by citizens against their own state. Holz v. Nenana City Public School Dist., 347 F.3d 1176, 1180 (9th Cir. 2003). The United States Supreme Court has held that a suit against a state employee acting in his official capacity is tantamount to a lawsuit against the state. See Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Furthermore, a § 1983 action may not be maintained against official capacity defendants because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

In the Complaint, Plaintiff sues all Defendants in their individual and official capacities. He also seeks damages. (Compl. at 1-6.) To the extent any Defendant is being sued for damages in his or her official capacity, the Eleventh Amendment bars such claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01551-UA (OP)** | Date | **April 2, 2013** |
|---|---|---|---|
| Title | **Charles A. Williams v. John Marshall, et al.** | | |

Thus, the Complaint is subject to dismissal.

> **2.      The Complaint Is Subject to Dismissal for Failure to State a Claim Based on Respondeat Superior Liability.**

Supervisory personnel are not individually liable under § 1983 on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Vague and conclusory allegations are insufficient to state a valid claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Plaintiff has named as Defendants, among others, CMC Warden Marshall and CMC Captain Martinez. (Compl. Attach. at 1-2, 24.) Plaintiff alleges that Defendants failed to enforce and establish a safe environment for Plaintiff in violation of CDCR policies. Further, Plaintiff alleges that Defendant Marshall allowed the use of excessive force and other constitutional violations to occur, and that Defendant Martinez failed to protect Plaintiff from the excessive use of force and allegedly covered up evidence of the incident. However, these conclusory allegations are clearly insufficient to establish that these supervisory Defendants were personally involved in a constitutional deprivation or that there was a sufficient causal connection between the alleged wrongful conduct and the alleged constitutional violation. See Redman, 942 F.2d at 1446-47. Thus, the Complaint is subject to dismissal for failure to state a claim based on supervisory liability as to Defendants Marshall and Martinez.

> **3.      The Complaint Is Subject to Dismissal for Failure to State an Eighth Amendment Claim Based on the Use of Excessive Force.**

In its prohibition against cruel and unusual punishment, the Eighth Amendment places restraints on prison officials who may not use excessive physical force against prisoners.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01551-UA (OP)** | Date | **April 2, 2013** |
|---|---|---|---|
| Title | **Charles A. Williams v. John Marshall, et al.** | | |

Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). In order to state an Eighth Amendment claim, two requirements must be met. First, the alleged violation must be objectively sufficiently serious, i.e., a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. The second requirement is that a prison official must have a "sufficiently culpable state of mind." Id. With respect to claims regarding the alleged use of excessive force in maintaining or restoring security, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6; LeMaire v. Maass, 12 F.3d 1444, 1452-53 (9th Cir. 1993). In determining whether force was applied in a good faith effort to control the inmate and maintain discipline, courts look to several factors, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; and (4) whether force was applied in a good faith effort to maintain and restore discipline. Hudson, 503 U.S. at 7; LeMaire, 12 F.3d at 1454.

Under the Eighth Amendment, prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline." LeMaire, 12 F.3d at 1453 (citing Whitley v. Albers, 475 U.S. 312, 320-22, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). In such instances, the use of force is "a legitimate means of preventing a small disturbance, such as a refusal to follow an order, from becoming a large one, dangerous to other inmates and prison personnel." Spain v. Procunier, 600 F.2d 189, 194 (9th Cir. 1979) (tear gas held reasonably necessary to remove plaintiff from his cell); see also Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) ("in the context of a prison-wide disturbance or an individual confrontation between an officer and a prisoner, corrections officers often must act immediately and emphatically to defuse a potentially explosive situation."); Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) ( "[t]he management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01551-UA (OP)** | Date | **April 2, 2013** |
|---|---|---|---|
| Title | **Charles A. Williams v. John Marshall, et al.** | | |

justify the occasional use of a degree of intentional force.")

In according deference to prison officials, the Supreme Court has emphasized that not every "malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. Rather, the Eighth Amendment's prohibition of cruel and unusual punishments "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 10 (citing Whitley, 475 U.S. at 327). It also excludes de minimis injuries. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994); see also Crump v. Plummer, 2000 WL 1072164 (N.D. Cal. 2000) (inmate's de minimis injury to his shoulder as a result of being grabbed out of his chair and thrown to the floor failed to establish an Eighth Amendment claim); Turner v. Contra Costa County, 1997 WL 765951 (N.D. Cal. 1997) (hitting an inmate in the back because he was not moving fast enough does not amount to a violation of the Eighth Amendment); Crow v. Leach, 1995 WL 456357 (N.D. Cal. 1995) (Plaintiff's minor bruises and cuts did not rise to Constitutional levels); Jackson v. Hurley, 1993 WL 515688 (N. D. Cal. 1993) (blow to back of neck with forearm and kick to ankle of inmate were de minimis force).

In White v. Roper, 901 F.2d 1501 (9th Cir. 1990), the Ninth Circuit addressed allegations that prison officials used excessive force in subduing an inmate. Id. at 1507. The Ninth Circuit recognized that "egregious government conduct" and conduct which "shocks the conscious" does violate the Constitution. Id. However, because the plaintiff disobeyed and resisted the staff's orders, the Court concluded that plaintiff's "actions created a need for [defendants] to apply reasonable force to control him." Id.

In the Complaint, Plaintiff alleges an Eighth Amendment claim based on the alleged use of excessive force against him by Defendants Yett, Steeb, and Baumgardner. Specifically, Plaintiff alleges that on February 25, 2009, Defendants rammed Plaintiff into a wall, Defendant Steeb body slammed Plaintiff to the floor, Defendant Baumgardner hog tied Plaintiff's hands and feet, all under the orders of Defendant Yett. Plaintiff suffered injuries leaving him totally disabled as a result. (Compl. at 5, Attach at 3-12.)

However, as set forth above, with respect to claims regarding the alleged use of excessive force in maintaining or restoring security, the core judicial inquiry is "whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01551-UA (OP) | Date | April 2, 2013 |
|---|---|---|---|
| Title | Charles A. Williams v. John Marshall, et al. | | |

force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6; LeMaire, 12 F.3d at 1452-53. In determining whether force was applied in a good faith effort to control the inmate and maintain discipline, courts look to several factors, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; and (4) whether force was applied in a good faith effort to maintain and restore discipline. Hudson, 503 U.S. at 7; LeMaire, 12 F.3d at 1454.

An examination of the exhibits attached to the Complaint, which the Court may consider (see Hal Roach Studios, Inc., 896 F.2d at 1555 n.19), reveals that on February 25, 2009, force was used against Plaintiff in the dining hall by Defendants Yett, Steeb, and Baumgardner. However, the exhibits establish that the force used was done in an effort to subdue Plaintiff based on his resistive and threatening behavior. During the incident, Plaintiff was pushed against the wall by Defendants Yett and Steeb, was taken down to the floor by Defendants Yett and Steeb, was placed in hand restraints by Defendant Steeb, and was placed in leg restraints by Defendant Baumgardner. (Compl. Unnumbered Exs.) Based on these exhibits, it appears that the force used against Plaintiff was done in a good-faith effort to maintain or restore discipline rather than to maliciously and sadistically to cause harm. Hudson, 503 U.S. at 6; LeMaire, 12 F.3d at 1452-53. As a result, the exhibits appear to refute any claim that Defendants had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. Thus, the Court finds that the Complaint is subject to dismissal for failure to state an excessive force claim against Defendants Yett, Steeb, and Baumgardner.

As to all remaining Defendants, Plaintiff makes nothing but vague and conclusory allegations which are insufficient to establish any constitutional claims against them. See Moss, 572 F.3d at 971 (assigning no weight to conclusory allegations); see also Iqbal, 556 U.S. at 678-79. Thus, the Court finds that the Complaint is subject to dismissal for failure to state an excessive force claim against all remaining Defendants.

**C.      Motion for Appointment of Counsel.**

Along with the Complaint, Plaintiff also lodged a Motion for Appointment of Counsel. (ECF No. 1.) However, there is no constitutional right to appointed counsel in civil rights actions. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-01551-UA (OP)** | Date | **April 2, 2013** |
|---|---|---|---|
| Title | **Charles A. Williams v. John Marshall, et al.** | | |

has no direct way to pay appointed counsel and cannot compel an attorney to represent a plaintiff.  See Mallard v. U.S. Dist. Court, 490 U.S. 296, 298-310, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989).  In exceptional circumstances, the Court may request counsel to voluntarily provide representation.  See 28 U.S.C. § 1915(e)(1); Mallard, 490 U.S. at 298-310.  To decide whether "exceptional circumstances" exist, the Court evaluates both the likelihood of a plaintiff's success on the merits and the plaintiff's ability to articulate claims pro se.  See Rand, 113 F.3d at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  At this time, the Court does not find that such exceptional circumstances exist.  Thus, the Court denies Plaintiff's request for appointment of counsel without prejudice.

### III.
### Conclusion

Based the foregoing, Plaintiff is ordered to show cause on or before May 3, 2013, why his *in forma pauperis* application should not be denied.  If Plaintiff still wishes to pursue this action, he shall have until May 3, 2013, to file an amended Complaint, attempting to cure the defects in the Complaint.  The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein.  Plaintiff may not use "et al." in the caption but must name each defendant against whom claims are stated.  Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his amended Complaint.  The amended Complaint shall not refer to the original Complaint.

Failure to comply with these requirements may result in a recommendation that the *in forma pauperis* application be denied for failure to state a claim on which relief may be granted.  The failure to properly respond to this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to prosecute and/or failure to comply with a court order.
/ / /
/ / /
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-01551-UA (OP) | Date | April 2, 2013 |
|---|---|---|---|
| Title | Charles A. Williams v. John Marshall, et al. | | |

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**

cc:  All Parties of Record

　　　　　　　　　　　　　　　　　　　　　　　Initials of deputy clerk    jh-relief