**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES A. WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN MARSHALL, et al., ) <br> ) <br> Defendants. ) <br> _____) | No. CV 13-1551-AB (KK) <br><br> MEMORANDUM AND ORDER DISMISSING <br> THIRD AMENDED COMPLAINT WITH <br> LEAVE TO AMEND |

Plaintiff Charles A. Williams ("Plaintiff"), a state prisoner proceeding pro se, has filed a Third Amended Complaint ("TAC") pursuant to 42 U.S.C. § 1983 ("Section 1983"), against five defendants employed as Correctional Officers by the California Department of Corrections and Rehabilitation: (1) Lt. Yett; (2) Chris Steeb; (3) Brumgarder; (4) Davis; and (5) Gonzalez. However, upon screening the TAC pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses the TAC with leave to amend, for failure to state a claim. Accordingly, the TAC is dismissed with leave to amend. If plaintiff desires to pursue this action, he is **ORDERED** to file within 21 days of the service date of this Order a Fourth Amended Complaint remedying the deficiencies

discussed below.

## I.

## **PROCEDURAL BACKGROUND**

On March 16, 2015, Plaintiff filed the instant TAC against the aforementioned defendants. (ECF Docket No. ("dkt.") 47). In the TAC, Plaintiff asserts two claims pursuant to Section 1983: (1) an excessive force claim against defendants Davis, Gonzalez, Steeb, and Brumgarder, predicated on a violation of his Eighth Amendment rights; (2) a retaliation claim against defendants Yett, Brumgarder, and Steeb, predicated on a violation of his First Amendment rights. TAC at 3-4. Plaintiff sues defendants Davis, Gonzalez, and Yett in only their individual capacities, and sues defendants Steeb and Brumgarder in *both* their individual and official capacities. Id. Plaintiff seeks compensatory and punitive damages. Id. at 7.

## II.

## **FACTUAL ALLEGATIONS IN THE TAC**

The allegations in the instant TAC are scattered and do not form a cohesive narrative.[1] Construed liberally, the TAC appears to allege the following facts.

Plaintiff is a state prisoner currently confined at the California State Prison in Lancaster, California. TAC at 2. On

---

[1] In the TAC, Plaintiff appears to refer the Court to prior pleadings he has filed in connection with this case. See TAC at 6. However, allegations in Plaintiff's prior pleadings cannot be considered when assessing the instant TAC because the TAC supersedes all prior pleadings. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (explaining that an amended complaint "supersedes the original, the latter being treated thereafter as non-existent"). As the Court noted when dismissing Plaintiff's prior complaints, any amended complaints Plaintiff files must be complete in and of themselves and must not reference his prior complaints.

1  February 25, 2009, Plaintiff was slammed against a wall by defendants
2  Yett, Steeb, and Brumgarder, apparently in retaliation for "speaking
3  out in chow line." Id. at 3-4, 6.  At the time, Plaintiff claims
4  defendant Yett knew Plaintiff had medical problems caused by previous
5  physical injuries. Id. at 3.

6  Plaintiff was subsequently taken to a medical infirmary to
7  receive surgery. Id. at 6.  While there, Plaintiff was pushed off a
8  medical bed without any provocation, by defendants Davis and Gonzalez,
9  injuring his shoulder. Id. at 3, 6.

10  Plaintiff also appears to claim he was later transferred to
11  administrative segregation in "retaliation," by defendants Yett,
12  Steeb, and Brumgarder. Id. at 3-4, 6.  Plaintiff claims to have lost
13  property as a result of his transfer to administrative segregation.
14  Id.  Plaintiff also claims defendant Yett subsequently transferred him
15  to another prison. Id. at 3.

### III.

### STANDARD OF REVIEW

18  As plaintiff is proceeding *in forma pauperis*, the court must
19  screen the TAC, and is required to dismiss the case at any time if it
20  concludes the action is frivolous or malicious, fails to state a claim
21  on which relief may be granted, or seeks monetary relief against a
22  defendant who is immune from such relief. See 28 U.S.C. §
23  1915(e)(2)(B); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th
24  Cir. 1998).

25  In determining whether a complaint fails to state a claim for
26  purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court
27  applies the same pleading standard from Rule 8 of the Federal Rules of
28  Civil Procedure as it would when evaluating a motion to dismiss under

1  Federal Rule of Civil Procedure 12(b)(6).  See <u>Watison v. Carter</u>, 668
2  F.3d 1108, 1112 (9th Cir. 2012).
3      Under Rule 8(a), a complaint must contain a "short and plain
4  statement of the claim showing that the pleader is entitled to
5  relief."  Fed. R. Civ. P. 8(a)(2).  A complaint may be dismissed for
6  failure to state a claim "where there is no cognizable legal theory or
7  an absence of sufficient facts alleged to support a cognizable legal
8  theory."  <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007)
9  (citation and internal quotation marks omitted).  In considering
10 whether a complaint states a claim, a court must accept as true all of
11 the material factual allegations in it.  <u>Hamilton v. Brown</u>, 630 F.3d
12 889, 892-93 (9th Cir. 2011).  However, the court need not accept as
13 true "allegations that are merely conclusory, unwarranted deductions
14 of fact, or unreasonable inferences."  <u>In re Gilead Scis. Sec. Litig.</u>,
15 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation
16 marks omitted).  Although a complaint need not include detailed
17 factual allegations, it "must contain sufficient factual matter,
18 accepted as true, to state a claim to relief that is plausible on its
19 face."  <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation
20 and internal quotation marks omitted).  A claim is facially plausible
21 when it "allows the court to draw the reasonable inference that the
22 defendant is liable for the misconduct alleged."  <u>Id.</u> (citation and
23 internal quotation marks omitted).  The complaint "must contain
24 sufficient allegations of underlying facts to give fair notice and to
25 enable the opposing party to defend itself effectively."  <u>Starr v.</u>
26 <u>Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).
27     "A document filed *pro se* is to be liberally construed, and a *pro*
28 *se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). The Court has "an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

**IV.**

**DISCUSSION**

**A.   Plaintiff's Official Capacity Claims Against Defendants Steeb and Brumgarder**

    **1.   Requirements for Stating Section 1983 Official Capacity Claims**

A plaintiff's official capacity claims against government officials are subject to the Eleventh Amendment's sovereign immunity bar. See Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). The Eleventh Amendment immunizes state officials sued in their official capacity from *retrospective* federal claims for relief (including monetary damage claims), but does not immunize them from claims for *prospective* relief (such as forward-looking injunctive relief). Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908).

Furthermore, a Section 1983 action for retrospective relief may not be maintained against official capacity defendants because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 & n.10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

**2. <u>Analysis</u>**

In the TAC, Plaintiff sues defendants Steeb and Brumgarder in both their individual and official capacities. Both of the defendants are California state employees employed as Correctional Officers. Furthermore, Plaintiff seeks monetary damages as a remedy for both of his claims against the two defendants. <u>See</u> TAC at 7. Accordingly, the Eleventh Amendment and <u>Will</u> bar Plaintiff's official capacity claims against defendants Steeb and Brumgarder. <u>See</u> <u>Will</u>, 491 U.S. at 71 & n.10; <u>Edelman</u>, 415 U.S. at 676.

**B. <u>Plaintiff's Individual Capacity Claims</u>**

In contrast to suits against governmental officers in their official capacities, individual capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." <u>Graham</u>, 473 U.S. at 165.

"A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). In short, "there must be a showing of personal participation in the alleged rights deprivation . . . ." <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002) (internal citation omitted).

**1. <u>Plaintiff's Eighth Amendment Excessive Force Claims against Defendants Yett, Brumgarder, Steeb, Davis, and Gonzalez</u>**

　　**a. Legal Standard**

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." <u>Clement v. Gomez</u>, 298 F.3d 898, 903 (9th

1  Cir. 2002). In determining whether the use of force is excessive,
2  courts are instructed to examine: (1) the extent of the injury
3  suffered by an inmate; (2) the need for application of force; (3) the
4  relationship between that need and the amount of force used; and (4)
5  whether the force was applied in a good faith effort to maintain and
6  restore discipline. Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct.
7  995, 117 L. Ed. 2d 156 (1992).

8      As with any Eighth Amendment violation, Plaintiff must prove the
9  "unnecessary and wanton infliction of pain." Whitley v. Albers, 475
10 U.S. 312, 319-20, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Neither
11 accident nor negligence constitutes cruel and unusual punishment,
12 because "[i]t is obduracy and wantonness, not inadvertence or error in
13 good faith, that characterize the conduct prohibited by the Cruel and
14 Unusual Punishments Clause [of the Eighth Amendment]." Id.

15     Not "every malevolent touch by a prison guard gives rise to a
16 federal cause of action." Hudson, 503 U.S. at 9. "The Eighth
17 Amendment's prohibition of cruel and unusual punishments necessarily
18 excludes from constitutional recognition *de minimis* uses of physical
19 force, provided that the use of force is not of a sort repugnant to
20 the conscience of mankind." Id. at 9-10. An inmate who complains of
21 a "push or shove" that causes no discernible injury almost certainly
22 fails to state a valid excessive force claim. Id. (quoting Johnson v.
23 Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). Where the force is
24 alleged to have resulted from a personal altercation rather than from
25 disciplinary action, the "core judicial inquiry" is not whether a
26 certain quantum of injury was sustained, but rather "whether force was
27 applied . . . maliciously and sadistically to cause harm." Wilkins v.
28 Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (*per*

*curiam*); see also Hudson, 503 U.S. at 7; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard "examines whether the use of physical force is more than *de minimis*").

    **b.    Excessive Force Claims against Defendants Yett, Steeb, and Brumgarder**

In his Eighth Amendment excessive force claims against defendants Yett, Steeb, and Brumgarder, Plaintiff alleges the three defendants slammed him into a wall. Id. at 3-4, 6. Furthermore, Plaintiff claims defendant Yett acted with knowledge of Plaintiff's prior physical injuries. Id. at 3. Plaintiff also states he sustained severe injuries to his shoulder as a result of the incident, requiring surgery. Id. at 6. Based on the Hudson factors, the Court finds these allegations sufficiently state Section 1983 individual capacity claims of excessive force. See 503 U.S. at 7.

    **c.    Excessive Force Claims against Defendants Davis and Gonzalez**

In his Eighth Amendment excessive force claims against defendants Davis and Gonzalez, Plaintiff asserts both defendants, without provocation, pushed him off the medical bed he was lying on, after his altercation with the other named defendants on February 25, 2009. TAC at 3, 6. Plaintiff also alleges he sustained severe injuries to his shoulder as a result, requiring surgery. Id. at 6. Under the standards established in Hudson, the Court finds Plaintiff's allegations state claims for excessive force. See Hudson, 503 U.S. at 9; Whitley, 475 U.S. at 319-20.

    **2.    Plaintiff's First Amendment Retaliation Claims against Defendants Yett, Brumgarder, and Steeb**

Allegations of retaliation against a prisoner's First Amendment

rights to speech or to petition the government may support a Section 1983 claim.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). In the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) a state actor took some adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct; (4) such action chilled the inmate's exercise of his First Amendment rights (although a complete silencing of the prisoner is not required); and (5) the adverse action did not reasonably advance a legitimate correctional goal.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  "[T]he prisoner plaintiff 'bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.'" Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (quoting Pratt, 65 F.3d at 806).

The Ninth Circuit has held that "an objective standard governs the chilling inquiry; a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' by the adverse action but rather that the action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009)(quoting Rhodes, 408 F.3d at 568-69).  A plaintiff must also show that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce, 351 F.3d at 1289 (finding that a

prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997).

Here, Plaintiff alleges he was transferred to administrative segregation and to another prison in "retaliation." TAC at 3-4, 6. Admittedly, the mere *threat* of prison transfers can constitute adverse action for purposes of retaliation claims. See Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001). However, Plaintiff has not alleged any facts or presented any direct or circumstantial evidence indicating the transfers were in any way motivated by his protected conduct. Plaintiff merely provides conclusory statements alleging the transfers were retaliatory. Such conclusory statements do not suffice to state a claim of retaliation. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In addition, Plaintiff fails to allege how defendants Yett, Brumgarder, and Steeb participated in arranging Plaintiff's transfers (*i.e.* the constitutional violation complained of). See Taylor, 880 F.2d at 1045. Hence, the TAC fails to state viable retaliation claims against defendants Yett, Brumgarder, and Steeb in their individual capacities.

## V.

### LEAVE TO FILE A FOURTH AMENDED COMPLAINT

For the foregoing reasons, the TAC is subject to dismissal.

Accordingly, **IT IS ORDERED THAT**:

1) **Within 21 days of the service date of this Order, Plaintiff**

**may file a Fourth Amended Complaint ("FAC") to attempt to cure the deficiencies with his official capacity and retaliation claims.** The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of an FAC if he elects to proceed with this action. Plaintiff is strongly encouraged to use that form.

Because any FAC will be Plaintiff's **fourth** opportunity to amend his complaint to rectify pleading deficiencies, the Court advises Plaintiff that it will not be disposed toward another dismissal without prejudice and with leave to amend. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (Valerie Baker Fairbank, J.) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); see also Zavala v. Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

2) **Alternatively, Plaintiff may voluntarily dismiss all of the identified deficient claims and proceed solely on his remaining claims.** In other words, Plaintiff must: (a) file a voluntary dismissal of (i) all claims against defendants Steeb and Brumgarder in their official capacities, and (ii) his retaliation claim against defendants Yett, Brumgarder, and Steeb in their individual capacities; and (b) proceed on all of his remaining claims. **If Plaintiff elects to dismiss these claims, he should file within 21 days of the service date of this Order, a document captioned "Voluntary Dismissal" in**

11

**which he identifies the claims he is dismissing from the action.**

    3) If Plaintiff chooses to file a FAC, the FAC should bear the docket number assigned to this case, be labeled "Fourth Amended Complaint," and be complete in and of itself without reference to the FAC or any other pleading, attachment, or document.

    **Plaintiff is admonished that if he fails to timely file a sufficient FAC, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

IT IS SO ORDERED.

DATED: March 31, 2015

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE